IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ASHFIELD<br>53 Hazle Street<br>Delano, PA 18220<br>      Plaintiff,<br>vs.<br><br>SCHUYLKILL COUNTY<br>401 North Second Street, Pottsville, PA 17901<br>and<br>SCHUYLKILL COUNTY PRISON<br>230 Sanderson Street, Pottsville, PA 17901<br>and<br>SCHUYLKILL COUNTY PRISON BOARD<br>230 Sanderson Street, Pottsville, PA 17901 or at 401 North Second Street, Pottsville, PA 17901<br>and<br>DAVID WAPINSKY, WARDEN<br>230 Sanderson Street, Pottsville, PA 17901<br>and<br>MICHAEL BUCHANAN, DEPUTY WARDEN<br>230 Sanderson Street, Pottsville, PA 17901<br>and<br>CORRECTION OFFICER JOHN DOE 1<br>c/o SCHUYLKILL COUNTY PRISON,<br>230 Sanderson Street, Pottsville, PA 17901<br>and<br>CORRECTION OFFICER JOHN DOE 2<br>c/o SCHUYLKILL COUNTY PRISON,<br>230 Sanderson Street, Pottsville, PA 17901<br>and<br>CORRECTION OFFICER JOHN DOE 3<br>c/o SCHUYLKILL COUNTY PRISON,<br>230 Sanderson Street, Pottsville, PA 17901<br>and<br>CORRECTION OFFICER JOHN DOE 4<br>c/o SCHUYLKILL COUNTY PRISON,<br>230 Sanderson Street, Pottsville, PA 17901<br>and | CIVIL ACTION NO. 22-cv-9999<br><br>PLAINTIFF'S COMPLAINT<br><br>JURY TRIAL DEMANDED |

| |
|---|
| CORRECTION OFFICER JOHN DOE 5 c/o SCHUYLKILL COUNTY PRISON, 230 Sanderson Street, Pottsville, PA 17901 |
| Defendants |

Plaintiff, Jason Ashfield, by way of Complaint against Defendants, says:

## PARTIES

1.  Plaintiff, Jason Ashfield, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 53 Hazle Street, Delano, PA 18220.

2.  Defendant SCHUYLKILL COUNTY is Political Subdivision of the Commonwealth of Pennsylvania with its county seat and headquarters located at 401 North Second Street, Pottsville, PA 17901.

3. Defendant SCHUYLKILL COUNTY PRISON is a prison facility governed, upon information and belief, directly or indirectly, by Defendant Schuylkill County.

4. Defendant Schuylkill County Prison is located at 230 Sanderson Street, Pottsville, PA 17901.

5. Defendant SCHUYLKILL COUNTY PRISON BOARD is, upon information and belief, the governing board for Defendant SCHUYLKILL COUNTY PRISON.

6. Defendant Schuylkill County Prison Board is, upon information and belief, located at 230 Sanderson Street, Pottsville, PA 17901 or at 401 North Second Street, Pottsville, PA 17901.

7. It is believed and averred that, at relevant times alleged herein, Defendant DAVID WAPINSKY and Defendant MICHAEL BUCHANAN were the Warden and Deputy Warden, respectively, for Defendant Schuylkill County Prison.

8. As discussed below and herein, on September 4, 2020, Plaintiff was an inmate at the Schuylkill County Prison, when he was beaten by several Correction Officers who were at all relevant times, upon information and belief, employees of Defendants Schuylkill County and/or the Schuylkill County Prison.

9. It is believed and averred that the Correction Officers were selected and/or trained or failed to have been trained by Defendants Schuylkill County or the Schuylkill County Prison Board.

10. Plaintiff does not know the identity of these Correction Officers and they are identified herein as Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5.

11. The Correction Officers are believed to be male, white, and Plaintiff believes that there were five Correction Officers who engaged in excessive force and injured him on September 4, 2020, while he was in their custody, control, and confinement.

12. At relevant times alleged herein, Plaintiff was an Inmate confined at the Schuylkill County Jail, also referred to herein as the Schuylkill County Prison.

13. It is believed and averred that the Doe Defendants have had actual notice of Plaintiff's civil claims within the time of the incident and that the Warden Defendants have had notice of Plaintiff's claims.

14. Defendant, the Schuylkill County Board of Prisons, was and still is a Pennsylvania domestic entity duly organized and existing under and by virtue of the laws of the State of Pennsylvania with a principal business address stated as above.

15. At all times alleged herein, it is believed and averred that Defendants Schuylkill County and the Schuylkill County Prison Board acted through their employees, agents, servants, and/or designated representatives including the Warden Defendants, Defendants Wapinsky and Buchanan and the aforementioned Correctional Officer Defendants.

## JURISDICTION AND VENUE

16. The Court has jurisdiction over the lawsuit because the action is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

17. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over Plaintiff's claims arising under State law including, but not limited to, violations of his State Constitutional rights against Defendants for failure to protect Plaintiff, and for the intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

18. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1343.

19. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Plaintiff's harm and his civil claims at issue arose in this judicial district.

**COMPLAINT**

**GENERAL ALLEGATIONS**

20. It is believed and averred that Defendant Schuylkill County, the Schuylkill County Prison, and the Schuylkill County Prison Board, through its Prison, the Schuylkill County Prison, identified herein, was required to comply with Pennsylvania Minimum Operating Standards set forth by Title 37, Chapter 95 of the Pennsylvania Code.

21. It is believed and averred that Defendants were required to inspect the Schuylkill County Prison and enforce its compliance with the Commonwealth Minimum Operating Standards for Safety for Inmates, including Plaintiff.

22. On or about September 2, 2020, Plaintiff was an inmate at Defendants' Schuylkill County Jail.

23. Plaintiff was ordered incarcerated in case no. CP-54-MD-839-2020 and was taken to the Schuylkill County Prison.

24. On September 4, 2020, while being escorted by Defendants' Correctional Officers, referenced above, whose Identifications are presently unknown, Defendants' Correctional Officers, Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 pushed Plaintiff down and injured him severely and permanently.

25. Defendants also refused Plaintiff medical treatment which he requested.

26. Plaintiff obtained this medical treatment on his own at extensive costs, exceeding $10,000.00.

27. Plaintiff's medical treatment occurred through the Lehigh Valley Health System; Plaintiff received emergency medical treatment at LVH-Hazleton Emergency.

28. As a result of the excessive force used by Defendants' Correctional Officers, Plaintiff suffered a broken nose, injuries to his neck and clavicle, an acromioclavicular (AC)

joint injury on his right, injuries to his shoulders, and permanent injuries to his neck and AC joint, which is presently deformed.

29. Plaintiff also suffered severe bruising to his left chest wall.

30. It is believed and averred that Defendants knew that Plaintiff had suffered injuries caused by their use of excessive force.

31. Plaintiff complained of pain and had bruising and requested medical treatment.

32. Nevertheless, despite the significance of Plaintiff's injuries and his requests for medical attention, Plaintiff was not provided with any treatment and was not offered medical treatment or to be taken to a hospital for treatment.

33. Defendants Doe 1, 2, 3, 4 and 5 are presently unidentified Defendant Schuylkill County Correctional Officers who were present, either through video surveillance, or physically present during Plaintiff's attack and who did not intervene to protect Plaintiff from harm.

34. It is believed that Defendants possess the video surveillance that shows the use of excessive force on Plaintiff and which identifies these presently unidentified correctional officers.

35. It is believed and averred that these Correctional Officers were required to not use excessive force to cause Plaintiff injury and that they, notwithstanding this obligation, did so and failed to prevent the other participating Correctional Officers from using excessive force to injure Plaintiff.

**COUNT I**

**PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD**

## DELIBERATE INDIFFERENCE TO SAFETY/FAILURE TO PROTECT AND CAUSING PHYSICAL HARM

36. The foregoing paragraphs are incorporated by reference.

37. At all times, Defendants possessed a duty under the Eighth Amendment of the United States Constitution to ensure that Plaintiff, as an inmate, was not subjected to injury or harm through the use of Excessive Force by Defendants, Defendants' Correctional Officers.

38. Defendants were to train and supervise Defendants' correctional officers to prevent and minimize their use of excessive force that would injure inmates, such as Plaintiff.

39. Defendants, at all times, were required to provide Plaintiff with prompt medical treatment to prevent unnecessary injury and pain and suffering.

40. Defendants had a duty under the Eighth Amendment to ensure that the prison was properly staffed with medical personnel who could provide inmates, such as Plaintiff, with medical treatment.

41. Defendants, identified above, knew of and deliberately disregarded the excessive risk of harm to the Plaintiff's health and safety posed by Defendants' use of excessive force.

42. The above Defendants deliberately and or recklessly failed to protect the Plaintiff when they used excessive force upon Plaintiff.

43. Defendants caused Plaintiff physical harm, identified above, incorporated herein, through Defendants' use of excessive physical force upon Plaintiff.

44. As a result of the Defendants' deliberate indifference, Plaintiff sustained severe and significant physical injuries for which Plaintiff requests relief pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

## FAILURE TO INTERVENE

45.     The foregoing paragraphs are incorporated by reference.

46.     Defendants, identified above, had an affirmative duty to intervene on behalf of the Plaintiff, Brian Lee Jeremiah, whose constitutional rights were being violated in their presence while Plaintiff was being assaulted by another inmate.

47.     The Defendants' failed to intervene to prevent the unlawful conduct described herein caused by Defendants' use of excessive force upon Plaintiff.

48.     The above Defendants deliberately and or recklessly failed to protect the Plaintiff, resulting in Plaintiff's injuries and damages.

49.     As a result of the Defendants' deliberate indifference, Plaintiff was put in fear of his safety and subjected to unjustified physical abuse and sustained severe and significant physical injuries.

50.     Plaintiff's injuries and damages were caused by Defendants' violation of Plaintiff's constitutional rights to be free from excessive force and cruel and unusual punishment and warrant relief pursuant to 42 U.S.C. § 1983.

## COUNT III

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS  DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

51.     The foregoing paragraphs are incorporated by reference.

52.     Defendants caused Plaintiff physical pain and suffering and thereafter refused Plaintiff needed medical treatment and thereby caused Plaintiff harm in violation of his Constitutional Rights, including his right to be free from cruel and unusual

punishment provided to him by the Eighth Amendment to the United States Constitution as a direct and proximate result of Defendants':

    a.    Knowing, reckless, and willful failure to provide medical treatment to Plaintiff for a known and obvious injury;

    b.    Knowingly, recklessly, or willfully withholding medical treatment to Plaintiff and thereby denying Plaintiff with treatment that would minimize the permanent harm to Plaintiff and his pain and suffering;

    c.    Refusing Plaintiff medical treatment when requested.

## COUNT IV

### PLAINTIFF vs. DEFENDANTS WARDEN WAPINSKY AND BUCHANAN, DEFENDANTS SCHUYLKILL COUNTY, SCHUYLKILL COUNTY PRISON, AND SCHUYLKILL COUNTY PRISON BOARD

### FAILURE TO TRAIN AND SUPERVISE UNDER MONELL

53. The foregoing paragraphs are incorporated by reference.

54. Defendants, as a matter of policy and practice failed to discipline, train or otherwise sanction correctional officers who violate the rights of prisoners, including the Plaintiff's, thus encouraging theDefendant unknown correctional officers, in this case to engage in the unlawful and actionable conduct described above.

55. Defendants, as a further matter of policy and practice failed to train properly its correctional officers, including Defendant unknown correctional officers, in this case, with respect to the constitutional, statutory and departmental expectations of their authority.

56. At all times herein mentioned, the Defendant unknown correctional officers, were acting as the agents, servants and/or employees of the Defendants and therefore, their acts are attributable to Defendants.

57. The Defendants were on actual notice of a need to train, supervise, discipline or terminate its Defendant correctional officers as prior to the incident in question as other similar

incidents of being deliberately indifferent to inmate on inmate assaults have occurred in the past involving Defendants.

## COUNT IV

### PLAINTIFF vs. DEFENDANTS CORRECTIONAL OFFICERS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5, WARDENS WAPINSKY, BUCHANAN, AND DEFENDANTS SCHUYLKILL COUNTY, SCHUYLKILL COUNTY PRISON, SCHUYLKILL COUNTY PRISON BOARD

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. The foregoing paragraphs are incorporated by reference.

59. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff, by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by conspiring against him, or by interfering with Plaintiff's state civil rights by being deliberately indifferent with reckless disregard for Plaintiff's safety, or knew or should have known that emotional distress was the likely result of their conduct.

60. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

61. The actions of the Defendants were the cause of Plaintiff's distress.

62. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

63. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## COUNT V

### PLAINTIFF vs. ALL DEFENDANTS

### CONSPIRACY TO VIOLATE THE FEDERAL AND STATE CIVIL RIGHTS OF THE PLAINTIFF

64. The allegations contained above are incorporated by reference.

65. The above described actions constitute violations, by the above named Defendants, who conspired among themselves to deprive the Plaintiff of his state and constitutional rights.

66. During Plaintiff's assault and physical attack, Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5, the presently unknown correctional officers were physically present and verbally conspired to engage in excessive force upon Plaintiff.

67. Said Correctional Officers did not intervene and did absolutely nothing to prevent, protect or stop Plaintiff from being injured by excessive force.

## DAMAGES

68. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

69. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered severe physical injuries and mental anguish in the past and future and was deprived of his State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

70. The incident has also resulted in injuries requiring psychological attention and Plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

71. It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

## PRAYER

72. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

73. Wherefore, Plaintiff demands judgment against Defendants, individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

74. Wherefore, Plaintiff demands judgment against Defendants Wardens, and Schuylkill County, and Schuylkill County Prison, and Schuylkill County Prison Board, , individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

75. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

WILLIAMS CEDAR LLC

BY: *Arthur L. Bugay*
Arthur L. Bugay, Esquire
PA. ID. No. 62251
Attorney for Plaintiff
One South Broad Street, Suite 1510
Philadelphia, PA 19107
(215) 557-0099 (Direct)
abugay@williamscedar.com