Arthur L. Bugay, Esquire
LAW OFFICES OF ARTHUR L. BUGAY
& ASSOCIATES, P.C.
PA Attorney ID No. 62251
Times Building
Suburban Square
32 Parking Plaza, Suite 401
Ardmore, PA 19003
(215) 571-4984
(215) 240-6148
arthur@albinjurylaw.com

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ASHFIELD, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:22-cv-01369 |
| | : | |
| v. | : | |
| | : | |
| SCHUYLKILL COUNTY, *et al* | : | |
| | : | |
| Defendants | : | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SCHULYKILL COUNTY

Plaintiff, by and through his counsel, hereby files this Motion for the Court to Enter Default Judgment against Defendants Schuylkill County, the Schuylkill County Prison Board, and Wardens Wapinsky and Buchanan. In support of Plaintiff's Motion, Plaintiff, by his counsel, avers as follows:

1. This is a civil rights Section 1983 action arising from Plaintiff's detention during arrest at Defendants' Schuylkill County Prison where, on September 4, 2020, Plaintiff was deliberately pushed down by the Prison's Correctional Officers and beaten by them, causing Plaintiff to suffer a broken nose, injuries to his acromioclavicular joint (AC

joint), his neck, a broken clavicle, causing Plaintiff to suffer disfigurement. Exhibit "1", Plaintiff's Complaint at ¶¶ 1-8, 11-15, 22-23, 28

2. Defendants' Correctional Officers refused Plaintiff's requests for medical treatment. *Id. at* 25.

3. Plaintiff's Complaint avers that five (5) Correctional Officers, while not identified, were operating as correctional officers, pursuant to their clothed authority in this capacity, and were acting under color of law. *Id. at* ¶¶ 8-11.

4. Plaintiff avers that these five (5) correctional officers used their capacity to deliberately beat Plaintiff while Plaintiff, as an inmate, was detained and held in Defendants' custody, control, and confinement, at Defendant's prison. *Id. at* ¶¶ 11-12.

5. Plaintiff filed his complaint and timely served his Complaint and summons on Defendants Schuylkill County, the Schuylkill County Prison Board and the Wardens at Defendant's prison. Exhibit "2".

6. Service of process was completed upon Defendant Schuylkill County on September 9, 2022. *Id.*

7. Service of process was completed upon Defendants Buchanan and Wapinsky on September 9, 2022. *Id.*

8. Service of process was completed upon Defendant Schuylkill County Prison Board on December 6, 2022. *Id.*

9. To date, Defendants have not filed any answer or other pleading, nor have they entered an appearance in this civil action.

10. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

11. Plaintiff's counsel hereby supplies this Honorable Court with the attached Affidavit filed in support of this Motion to Enter Default Judgment against Defendants.  Exhibit "3".

12. Before requesting default, Plaintiff's counsel sent Defendants notice of Plaintiff's Intent to Request this Honorable Court to enter default judgment against Defendants.  Exhibit "4".

13. This notice of intent to take default against Defendants was delivered to and received by Defendants.

14. Notwithstanding Defendants' receipt of original process, despite having been served with Plaintiff's Complaint over a year ago, and despite receiving notice of Plaintiff's intent to take a default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Defendants have not (a) answered Plaintiff's Complaint; (b) contacted Plaintiff's counsel; (c) entered any appearance; or (d) otherwise have made any attempt to defend against Plaintiff's civil action, Plaintiff's complaint, filed against Defendants.

15. Plaintiff, by his counsel, has filed an Application for Entry of Default against Defendants with a Supporting Affidavit.  Exhibit "5".

16. Pursuant to Rule 55(b), Plaintiff, by his counsel, respectfully requests this Honorable Court to enter default judgment.

17. Should this Honorable Court Order a Hearing, Plaintiff, by his Counsel, will serve a copy of that Order upon Defendants with regard to the procedure before entering default.

18. Plaintiff respectfully requests a hearing to confirm the amount of damages to award Plaintiff pursuant to Rule 55(b)(B).

19. Plaintiff's medical costs exceed $10,000.00.  Exhibit "1" at ¶26.

20. Plaintiff's physical damages are permanent.  *Id. at* ¶24.

21. Plaintiff's injuries resulted in his disfigurement.  *Id. at* ¶28.

22. Plaintiff's injuries and damages reasonably warrant a damage award of $250,000.00.

23. Plaintiff's rights are clear.  Plaintiff avers in his Complaint that Defendants' actions in deliberately causing Plaintiff harm were due to Defendants' deliberate indifference in disregard to Plaintiff's safety and his sustained injuries.  *Id. at* ¶24, 66.

24. Plaintiff requested medical assistance after Defendants' unprovoked attack upon Plaintiff.  *Id. at* ¶31.

25. Defendants did not provide medical assistance despite that request.  *Id. at* ¶32.

26. Defendant Schuylkill County is the owner and operator of the Schuylkill County Prison and, as such is charged with the operation of that prison and the implementation and maintenance of policies which govern all aspects of its operation.  *Id. at*  ¶¶15, 54-55.

27. Defendant Schuylkill County Prison Board is the Prison's final policy authority.  *Id. at* ¶¶ 5, 54-55.

28. Defendants Wapinsky and Buchanan, as wardens for the prison, are charged with enforcing and maintaining Defendants' policies and procedures for detainees at the Schuylkill County Prison.  *Id. at* ¶¶7 and 54-55.

29. Here, notwithstanding Defendants' selection and purported training of these Correctional Officers, they engaged in deliberate physical attack upon Plaintiff, even after Plaintiff requested medical treatment, it was refused.  *Id. at*  ¶¶30-32.

30. None of the Correctional Officers intervened or prevented these Correctional Officers from engaging in this unprovoked attack upon Plaintiff.  *Id. at* ¶ 33.

31. As a result of these actions, Plaintiff suffered a separated right shoulder, with permanent injury to his neck, a broken nose, a severely bruised chest wall and broken ribs on his left side. *Id. at ¶¶28-30.*

32. Plaintiff's right shoulder, at its AC joint, is now deformed. *Id. at ¶28.*

33. Plaintiff's requests for medical treatment were refused. *Id. at ¶¶ 25, 31-32.*

34. After his release, Plaintiff obtained medical treatment on his own, at his own expense, through Lehibh Valley Health System, at Lehibh Valley Hospital – Hazleton, as an emergency patient, and incurred in excess of $10,000.00 in medical expenses for treatment needed for the injuries Plaintiff suffered, caused by Defendants' intentional attack and refused medical treatment during Plaintiff's detention by Defendants. *Id. at ¶¶ 26-27.*

35. Defendants' actions were extreme and outrageous and caused significant and permanent harm. *Id. at ¶63.*

36. Defendants' actions to Plaintiff, as a detainee, violated Plaintiff's rights guaranteed by the Fourteenth Amendment to the United States Constitution. *Boring v. Kozakiewitz, 833 F.2d 468, 471 (3d Cir. 1987).*

37. Plaintiff sufficiently avers facts in his complaint to sustain his claims against Defendants that the Defendants acted with deliberate indifference to Plaintiff's safety and health, injuring him, and then depriving him of requested medical assistance. *See, e.g., Burton v. Kindle, 401 Fed.Appx. 635, 638 (3d Cir. 2010).*

38. Plaintiff possessed a constitutional right to be free from being violently assaulted by those holding him in detention and set forth valid civil rights claim that Defendants failed to take reasonable measures to protect Plaintiff from such harm. In short, "Being

violently assaulted [while in custody] is not 'part of [any appropriate consequence that any detainee should] pay for their [alleged] offenses against society." *Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting, Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).*

39. Defendants were deliberately indifferent to Plaintiff's health and safety. *Id. at* ¶49.

40. In Ruling on a Motion for Default, the Court will accept the Plaintiff's Complaint allegations as true and correct. *PPG Indus. v. Jiangsu Tie Mao Glass Co.*, 2022 U.S. App. LEXIS 24411 (3d Cir. Aug. 30, 2022).

41. Here, Defendants did not answer Plaintiff's Complaint, despite several opportunities to do so.

42. Plaintiff's Complaint alleges facts establishing the Defendants' officers intentionally injured Plaintiff while he was detained and defenseless, causing Plaintiff serious and permanent injuries, including a deformed right shoulder.

43. Such actions, even when they result in less significant injury, set forth a cause of action under 42 U.S.C. §1983. *Hudson v. McMillian, 503 U.S. 1 (U.S. 1992)(loosened teeth, minor bruises, and facial swelling sufficient to state a claim).*

44. Plaintiff is entitled to relief against Defendants.

45. Here, Plaintiff has alleged that Defendants acted under color of law which deprived him of his rights and privileges secured for him, as a citizen, by the Constitution of the United States. *Natale v. Camden Cty Corr. Facility, 318 F.3d 575, 580-581 (3d Cir. 2003).*

46. The factors to consider when ruling upon a Rule 55(b)(2) Motion for Default Judgment are whether (a) prejudice will result to Plaintiff if default is denied; (b) whether the

Defendant has a legitimate defense; and (c) whether the Defendants' delay in answering or otherwise responding to Plaintiff's Complaint is due to culpable conduct.

47. Here, Plaintiff will, at this point be prejudiced by default judgment being denied since Plaintiff is attempting – and has been attempting – to prosecute his civil rights claims and Defendants are simply ignoring the Complaint and have not answered it to date.

48. Plaintiff has provided several opportunities for Defendants to defend themselves in this civil action but they have not entered an appearance, contacted counsel, filed a defense, challenged the complaint, or answered the complaint allegations.

49. Plaintiff requested Default by Application, required by Rule 55(a) of the Federal Rules of Civil Procedure.  Exhibit "5".

50. Given the facts, involving an unprovoked attack upon Plaintiff, a detainee, the fact that Defendants have not answered Plaintiff's Complaint, despite being served with his complaint, and the time that has gone by since service was completed and recorded on the docket, Plaintiff respectfully states that there is no legitimate defense to Defendants' violation of Plaintiff's civil rights.

51. Further, given this delay, there can be no good explanation for not responding to Plaintiff's Complaint.  Consequently, entering judgment in default is proper under the circumstances.

52. Defendants have not filed any affirmative defense and there is no legitimate defense that applies to the facts averred.

53. Plaintiff respectfully requests this Honorable Court to enter default judgment against Defendants and to permit Plaintiff to present evidence to support his physical and monetary injuries suffered from Defendants' unprovoked attack upon Plaintiff which

violated his constitutional rights, under color of law, pursuant to 42 U.S.C. § 1983, for compensatory damages against Defendants.

WHEREFORE, for the foregoing reasons and those set forth in Plaintiff's Memorandum of Law, Plaintiff respectfully requests this Honorable Court to enter an Order in the form proposed, attached hereto.

    Respectfully submitted,

BY: *Arthur Bugay*
ARTHUR L. BUGAY, ESQUIRE
Times Building, Suburban Square
32 Parking Plaza, Suite 401
Ardmore, PA 19003
(215) 571-4984
(215) 240-6148
arthur@albinjurylaw.com