**EXHIBITS**

1.  Plaintiff's Complaint

2.  Returns of Service

3.  Affidavit of Counsel

4.  Letter Stating Intent to Request Default Judgment

5.  Filed Application for Default, Required to be Entered by Rule 55(a)

# EXHIBIT "1"

Case 2:22-cv-01664-DBS Document 1-1 Filed 09/29/23 Page 3 of 54

JASON ASHFIELD
53 Hazle Street
Delano, PA 18220
        Plaintiff,
vs.

SCHUYLKILL COUNTY
401 North Second Street, Pottsville, PA
17901
and
SCHUYLKILL COUNTY PRISON
230 Sanderson Street, Pottsville, PA
17901
and
SCHUYLKILL COUNTY PRISON
BOARD
230 Sanderson Street, Pottsville, PA
17901 or at 401 North Second Street,
Pottsville, PA 17901
and
DAVID WAPINSKY, WARDEN
230 Sanderson Street, Pottsville, PA
17901
and
MICHAEL BUCHANAN, DEPUTY
WARDEN
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 1
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 2
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 3
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 4
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and

CIVIL ACTION NO. 22-cv-9999

PLAINTIFF'S COMPLAINT

JURY TRIAL DEMANDED

CORRECTION OFFICER JOHN DOE 5
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
                    Defendants

Plaintiff, Jason Ashfield, by way of Complaint against Defendants, says:

## PARTIES

1.      Plaintiff, Jason Ashfield, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 53 Hazle Street, Delano, PA 18220.

2.      Defendant SCHUYLKILL COUNTY is Political Subdivision of the Commonwealth of Pennsylvania with its county seat and headquarters located at 401 North Second Street, Pottsville, PA 17901.

3.     Defendant SCHUYLKILL COUNTY PRISON is a prison facility governed, upon information and belief, directly or indirectly, by Defendant Schuylkill County.

4.     Defendant Schuylkill County Prison is located at 230 Sanderson Street, Pottsville, PA 17901.

5.     Defendant SCHUYLKILL COUNTY PRISON BOARD is, upon information and belief, the governing board for Defendant SCHUYLKILL COUNTY PRISON.

6.     Defendant Schuylkill County Prison Board is, upon information and belief, located at 230 Sanderson Street, Pottsville, PA 17901 or at 401 North Second Street, Pottsville, PA 17901.

7.     It is believed and averred that, at relevant times alleged herein, Defendant DAVID WAPINSKY and Defendant MICHAEL BUCHANAN were the Warden and Deputy Warden, respectively, for Defendant Schuylkill County Prison.

8.     As discussed below and herein, on September 4, 2020, Plaintiff was an inmate at the Schuylkill County Prison, when he was beaten by several Correction Officers who were at all relevant times, upon information and belief, employees of Defendants Schuylkill County and/or the Schuylkill County Prison.

9.     It is believed and averred that the Correction Officers were selected and/or trained or failed to have been trained by Defendants Schuylkill County or the Schuylkill County Prison Board.

10.     Plaintiff does not know the identity of these Correction Officers and they are identified herein as Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5.

11.     The Correction Officers are believed to be male, white, and Plaintiff believes that there were five Correction Officers who engaged in excessive force and injured him on September 4, 2020, while he was in their custody, control, and confinement.

12.     At relevant times alleged herein, Plaintiff was an Inmate confined at the Schuylkill County Jail, also referred to herein as the Schuylkill County Prison.

13.     It is believed and averred that the Doe Defendants have had actual notice of Plaintiff's civil claims within the time of the incident and that the Warden Defendants have had notice of Plaintiff's claims.

14.     Defendant, the Schuylkill County Board of Prisons, was and still is a Pennsylvania domestic entity duly organized and existing under and by virtue of the laws of the State of Pennsylvania with a principal business address stated as above.

15.     At all times alleged herein, it is believed and averred that Defendants Schuylkill County and the Schuylkill County Prison Board acted through their employees, agents, servants, and/or designated representatives including the Warden Defendants, Defendants Wapinsky and Buchanan and the aforementioned Correctional Officer Defendants.

## JURISDICTION AND VENUE

16.     The Court has jurisdiction over the lawsuit because the action is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

17.     The Court has supplemental jurisdiction under 28 U.S.C § 1367 over Plaintiff's claims arising under State law including, but not limited to, violations of his State Constitutional rights against Defendants for failure to protect Plaintiff, and for the intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

18.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1343.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Plaintiff's harm and his civil claims at issue arose in this judicial district.

# COMPLAINT

## GENERAL ALLEGATIONS

20.     It is believed and averred that Defendant Schuylkill County, the Schuylkill County Prison, and the Schuylkill County Prison Board, through its Prison, the Schuylkill County Prison, identified herein, was required to comply with Pennsylvania Minimum Operating Standards set forth by Title 37, Chapter 95 of the Pennsylvania Code.

21.     It is believed and averred that Defendants were required to inspect the Schuylkill County Prison and enforce its compliance with the Commonwealth Minimum Operating Standards for Safety for Inmates, including Plaintiff.

22.     On or about September 2, 2020, Plaintiff was an inmate at Defendants' Schuylkill County Jail.

23.     Plaintiff was ordered incarcerated in case no. CP-54-MD-839-2020 and was taken to the Schuylkill County Prison.

24.     On September 4, 2020, while being escorted by Defendants' Correctional Officers, referenced above, whose Identifications are presently unknown, Defendants' Correctional Officers, Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 pushed Plaintiff down and injured him severely and permanently.

25.     Defendants also refused Plaintiff medical treatment which he requested.

26.     Plaintiff obtained this medical treatment on his own at extensive costs, exceeding $10,000.00.

27.     Plaintiff's medical treatment occurred through the Lehigh Valley Health System; Plaintiff received emergency medical treatment at LVH-Hazleton Emergency.

28.     As a result of the excessive force used by Defendants' Correctional Officers, Plaintiff suffered a broken nose, injuries to his neck and clavicle, an acromioclavicular (AC)

joint injury on his right, injuries to his shoulders, and permanent injuries to his neck and AC

joint, which is presently deformed.

29.     Plaintiff also suffered severe bruising to his left chest wall.

30.     It is believed and averred that Defendants knew that Plaintiff had suffered injuries

caused by their use of excessive force.

31.     Plaintiff complained of pain and had bruising and requested medical treatment.

32.     Nevertheless, despite the significance of Plaintiff's injuries and his requests for

medical attention, Plaintiff was not provided with any treatment and was not offered medical

treatment or to be taken to a hospital for treatment.

33.     Defendants Doe 1, 2, 3, 4 and 5 are presently unidentified Defendant Schuylkill

County Correctional Officers who were present, either through video surveillance, or physically

present during Plaintiff's attack and who did not intervene to protect Plaintiff from harm.

34.     It is believed that Defendants possess the video surveillance that shows the use of

excessive force on Plaintiff and which identifies these presently unidentified correctional

officers.

35.     It is believed and averred that these Correctional Officers were required to not use

excessive force to cause Plaintiff injury and that they, notwithstanding this obligation, did so and

failed to prevent the other participating Correctional Officers from using excessive force to

injure Plaintiff.

### COUNT I

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

## DELIBERATE INDIFFERENCE TO SAFETY/FAILURE TO PROTECT AND CAUSING PHYSICAL HARM

36.     The foregoing paragraphs are incorporated by reference.

37.     At all times, Defendants possessed a duty under the Eighth Amendment of the United States Constitution to ensure that Plaintiff, as an inmate, was not subjected to injury or harm through the use of Excessive Force by Defendants, Defendants' Correctional Officers.

38.     Defendants were to train and supervise Defendants' correctional officers to prevent and minimize their use of excessive force that would injure inmates, such as Plaintiff.

39.     Defendants, at all times, were required to provide Plaintiff with prompt medical treatment to prevent unnecessary injury and pain and suffering.

40.     Defendants had a duty under the Eighth Amendment to ensure that the prison was properly staffed with medical personnel who could provide inmates, such as Plaintiff, with medical treatment.

41.     Defendants, identified above, knew of and deliberately disregarded the excessive risk of harm to the Plaintiff's health and safety posed by Defendants' use of excessive force.

42.     The above Defendants deliberately and or recklessly failed to protect the Plaintiff when they used excessive force upon Plaintiff.

43.     Defendants caused Plaintiff physical harm, identified above, incorporated herein, through Defendants' use of excessive physical force upon Plaintiff.

44.     As a result of the Defendants' deliberate indifference, Plaintiff sustained severe and significant physical injuries for which Plaintiff requests relief pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS  DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

## FAILURE TO INTERVENE

45.     The foregoing paragraphs are incorporated by reference.

46.     Defendants, identified above, had an affirmative duty to intervene on behalf of the Plaintiff, Brian Lee Jeremiah, whose constitutional rights were being violated in their presence while Plaintiff was being assaulted by another inmate.

47.     The Defendants' failed to intervene to prevent the unlawful conduct described herein caused by Defendants' use of excessive force upon Plaintiff.

48.     The above Defendants deliberately and or recklessly failed to protect the Plaintiff, resulting in Plaintiff's injuries and damages.

49.     As a result of the Defendants' deliberate indifference, Plaintiff was put in fear of his safety and subjected to unjustified physical abuse and sustained severe and significant physical injuries.

50.     Plaintiff's injuries and damages were caused by Defendants' violation of Plaintiff's constitutional rights to be free from excessive force and cruel and unusual punishment and warrant relief pursuant to 42 U.S.C. § 1983.

## COUNT III

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS  DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

51.     The foregoing paragraphs are incorporated by reference.

52.     Defendants caused Plaintiff physical pain and suffering and thereafter refused Plaintiff needed medical treatment and thereby caused Plaintiff harm in violation of his Constitutional Rights, including his right to be free from cruel and unusual

punishment provided to him by the Eighth Amendment to the United States

Constitution as a direct and proximate result of Defendants':

    a.    Knowing, reckless, and willful failure to provide medical treatment to

        Plaintiff for a known and obvious injury;

    b.    Knowingly, recklessly, or willfully withholding medical treatment to

        Plaintiff and thereby denying Plaintiff with treatment that would minimize

        the permanent harm to Plaintiff and his pain and suffering;

    c.    Refusing Plaintiff medical treatment when requested.

## COUNT IV

### PLAINTIFF vs. DEFENDANTS WARDEN WAPINSKY AND BUCHANAN, DEFENDANTS SCHUYLKILL COUNTY, SCHUYLKILL COUNTY PRISON, AND SCHUYLKILL COUNTY PRISON BOARD

### FAILURE TO TRAIN AND SUPERVISE UNDER MONELL

53.    The foregoing paragraphs are incorporated by reference.

54.    Defendants, as a matter of policy and practice failed to discipline, train or otherwise sanction correctional officers who violate the rights of prisoners, including the Plaintiff's, thus encouraging theDefendant unknown correctional officers, in this case to engage in the unlawful and actionable conduct described above.

55.    Defendants, as a further matter of policy and practice failed to train properly its correctional officers, including Defendant unknown correctional officers, in this case, with respect to the constitutional, statutory and departmental expectations of their authority.

56.    At all times herein mentioned, the Defendant unknown correctional officers, were acting as the agents, servants and/or employees of the Defendants and therefore, their acts are attributable to Defendants.

57.    The Defendants were on actual notice of a need to train, supervise, discipline or terminate its Defendant correctional officers as prior to the incident in question as other similar

incidents of being deliberately indifferent to inmate on inmate assaults have occurred in the past

involving Defendants.

## COUNT IV

## PLAINTIFF vs. DEFENDANTS CORRECTIONAL OFFICERS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5, WARDENS WAPINSKY, BUCHANAN, AND DEFENDANTS SCHUYLKILL COUNTY, SCHUYLKILL COUNTY PRISON, SCHUYLKILL COUNTY PRISON BOARD

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     The foregoing paragraphs are incorporated by reference.

59.     Defendants intentionally and deliberately inflicted emotional distress on Plaintiff,

by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional

rights, or by conspiring against him, or by interfering with Plaintiff's state civil rights by being

deliberately indifferent with reckless disregard for Plaintiff's safety, or knew or should have

known that emotional distress was the likely result of their conduct.

60.     Defendants' conduct was extreme and outrageous, beyond all possible bounds of

decency and utterly intolerable in a civilized community.

61.     The actions of the Defendants were the cause of Plaintiff's distress.

62.     The emotional distress sustained by Plaintiff was severe and of a nature that no

reasonable person could be expected to endure.

63.     As a result of the Defendants' extreme and outrageous conduct, Plaintiff

has suffered and will continue to suffer mental pain and anguish, severe emotional trauma,

embarrassment, and humiliation.

## COUNT V

## PLAINTIFF vs. ALL DEFENDANTS

## CONSPIRACY TO VIOLATE THE FEDERAL AND STATE CIVIL RIGHTS OF THE PLAINTIFF

64. The allegations contained above are incorporated by reference.

65. The above described actions constitute violations, by the above named Defendants, who conspired among themselves to deprive the Plaintiff of his state and constitutional rights.

66. During Plaintiff's assault and physical attack, Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5, the presently unknown correctional officers were physically present and verbally conspired to engage in excessive force upon Plaintiff.

67. Said Correctional Officers did not intervene and did absolutely nothing to prevent, protect or stop Plaintiff from being injured by excessive force.

## DAMAGES

68. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

69. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered severe physical injuries and mental anguish in the past and future and was deprived of his State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

70. The incident has also resulted in injuries requiring psychological attention and Plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

71. It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

72. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

73.     Wherefore, Plaintiff demands judgment against Defendants, individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

74.     Wherefore, Plaintiff demands judgment against Defendants Wardens, and Schuylkill County, and Schuylkill County Prison, and Schuylkill County Prison Board,  , individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

75.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

WILLIAMS CEDAR LLC


BY:     *Arthur L. Bugay*
        _____
        Arthur L. Bugay, Esquire
        PA. ID. No. 62251
        Attorney for Plaintiff
        One South Broad Street, Suite 1510
        Philadelphia, PA 19107
        (215) 557-0099 (Direct)
        abugay@williamscedar.com

**EXHIBIT "2"**

20220907142549

AO 440 (Rev. 06/12) Summons in a Civil Action    **RETURN OF SERVICE**

SERVICE OF:        **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE:        **PROCESS SERVER**

DATE: **9/8/2022 1:03:48 PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant

SCHUYLKILL COUNTY

Place where served:

401 NORTH SECOND STREET   POTTSVILLE PA  17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

GLENN ROTH JR.

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M  AGE:51-65  HEIGHT: 5'4"-5'8"  WEIGHT: OVER 200 LBS.   SKIN:WHITE   HAIR:BLACK   OTHER:GLASSES

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____        SERVICES $_____.____        TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: 9, 9 /20 22                                            L.S.

SIGNATURE OF *ROBERT WAGNER*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:    ARTHUR L. BUGAY, ESQ.
PLAINTIFF:    JASON ASHFIELD
DEFENDANT: SCHUYLKILL COUNTY, ET AL
VENUE:        DISTRICT
DOCKET:      1 22 CV 01369 SES
COMMENT:

20220907142424

| AO 440 (Rev. 06/12) Summons in a Civil Action | RETURN OF SERVICE |
|---|---|

SERVICE OF: **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *Robert Wagner*
TITLE: **PROCESS SERVER**

DATE: 9/8/2022 1:10:34 PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

DAVID J. WAPINSKY, WARDEN

Place where served:

SCHUYLKILL COUNTRY PRISON 230 SANDERSON STREET POTTSVILLE PA 17901

[  ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant **SELF**

Description of Person Accepting Service:

SEX:M__ AGE:51-65 HEIGHT: 5'9"-6'0" WEIGHT: 161-200 LBS. SKIN:WHITE____ HAIR:BALD____ OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL$ _____.____        SERVICES $_____.____        TOTAL $_____.____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: 9, 9, /20 22                                                    L.S.

SIGNATURE OF *Robert Wagner*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:     ARTHUR L. BUGAY, ESQ.
PLAINTIFF:       JASON ASHFIELD
DEFENDANT:   SCHUYLKILL COUNTY, ET AL
VENUE:            DISTRICT
DOCKET:         1 22 CV 01369 SES
COMMENT:

20220907142521

| AO 440 (Rev. 06/12) Summons in a Civil Action | **RETURN OF SERVICE** |

SERVICE OF: **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE: **PROCESS SERVER**

DATE: **9/8/2022 1:11:18 PM**

---

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

MICHAEL BUCHANAN, DEPUTY WARDEN

Place where served:

SCHUYLKILL COUNTRY PRISON  230 SANDERSON STREET  POTTSVILLE  PA  17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant  **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M__  AGE:51-65  HEIGHT: 5'9"-6'0"___  WEIGHT: 161-200 LBS.___  SKIN:WHITE___  HAIR:BALD___  OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL$ _____.____          SERVICES $_____.____          TOTAL $_____.____

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: _9_/_9_/20_22_                                          _____ L.S.

SIGNATURE OF *Robert Wagner*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:      ARTHUR L. BUGAY, ESQ.
PLAINTIFF:       JASON ASHFIELD
DEFENDANT:    SCHUYLKILL COUNTY, ET AL
VENUE:           DISTRICT
DOCKET:         1 22 CV 01369 SES
COMMENT:

20220907141239

| AO 440 (Rev. 06/12) Summons in a Civil Action | **RETURN OF SERVICE** |

**SERVICE OF:** **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
**EFFECTED (1) BY ME:** *ROBERT WAGNER*
**TITLE:** **PROCESS SERVER**

DATE: **9/8/2022 1:10:58 PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

SCHUYLKILL COUNTY PRISON BOARD, ATTN: WILLIAMS BALDWIN, PRESIDENT JUDGE/CHAIRMAN

Place where served:

230 SANDERSON STREET   POTTSVILLE  PA  17901

[ X ]  Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M   AGE:51-65  HEIGHT:5'9"-6'0"   WEIGHT: 161-200 LBS.   SKIN:WHITE    HAIR:BALD    OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____          SERVICES $_____.____          TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E Signature

DATE: 9/9/2022

SIGNATURE OF *ROBERT WAGNER*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:   ARTHUR L. BUGAY, ESQ.
PLAINTIFF:   JASON ASHFIELD
DEFENDANT: SCHUYLKILL COUNTY, ET AL
VENUE:   DISTRICT
DOCKET:   1 22 CV 01369 SES
COMMENT:

AO 440 (Rev. 06/12) Summons in a Civil Action

**RETURN OF SERVICE**

SERVICE OF: **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE: **PROCESS SERVER**

DATE: 9/8/2022 1:11:34 PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant

SCHUYLKILL COUNTRY PRISON

Place where served:

230 SANDERSON STREET   POTTSVILLE  PA  17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M__  AGE:51-65  HEIGHT: 5'9"-6'0"____  WEIGHT: 161-200 LBS.___  SKIN:WHITE____  HAIR:BALD____  OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____          SERVICES $_____.____          TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: 9/9/2022___                                           _____L.S.

SIGNATURE OF *ROBERT WAGNER*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:    ARTHUR L. BUGAY, ESQ.
PLAINTIFF:    JASON ASHFIELD
DEFENDANT:   SCHUYLKILL COUNTY, ET AL
VENUE:       DISTRICT
DOCKET:      1 22 CV 01369 SES
COMMENT:

**EXHIBIT "3"**





## BG_ALB Affidavit Motion for Default.pdf

| | |
|---|---|
| DocVerify ID: | 6C762468-D74F-4FB9-A3D8-BD304CD9129E |
| Created: | September 19, 2023 11:01:26 -5:00 |
| Pages: | 2 |
| Remote Notary: | Yes / State: PA |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Arthur Bugay (ALB)**
September 19, 2023 11:43:11 -5:00 [DE79CF808C4A] [73.233.31.81]
arthur@albinjurylaw.com (Principal) (ID Verified)

**E-Signature Notary: Bryan Ghingold (BG)**
September 19, 2023 11:43:11 -5:00 [4311CC9FD8E5] [172.59.137.49]
bryan@steelcitynotary.com
I, Bryan Ghingold, did witness the participants named above electronically
sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



COMMONWEATH OF PENNSYLVANIA
MONTGOMERY COUNTY

### AFFIDAVIT OF ARTHUR BUGAY

Before me, the undersigned notary, on this day personally appeared (name of affiant), the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. My name is Arthur Bugay. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. Plaintiff commenced suit timely and served his complaint upon Defendants. Exhibit "1".

3. Plaintiff filed Affidavits of Service. Exhibit "2".

4. Prior to filing this Request to Enter Default Judgment, Plaintiff, by his counsel, notified Defendants that they are in Default. Exhibit "3".

5. To date, Defendants have not entered an appearance in this civil action.

6. To date, Defendants have not filed an answer to Plaintiff's Complaint.

7. To date, Defendants have not asserted any opposition or defense to Plaintiff's civil action complaint.

8. Defendants are not minor; they are not service members.

9. Defendants have not asserted a defense to Plaintiff's civil action and has not otherwise defended this civil action.

10. The time period for Defendants to assert a defense or an opposition to Plaintiff's civil action has expired.

11. The foregoing is true and correct and is asserted pursuant to Pennsylvania's statute of unsworn statements to authority.

Respectfully submitted,

BY: Arthur Bugay
ARTHUR L. BUGAY, ESQUIRE
Times Building, Suburban Square
32 Parking Plaza, Suite 401
Ardmore, PA 19003



(215) 571-4984
(215) 240-6148

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

SWORN TO and SUBSCRIBED before me by __Arthur Bugay_____, on
__09/19/2023_____,

Notary Public in and for the
Commonwealth of Pennsylvania

Commonwealth of Pennsylvania - Notary Seal
Bryan Ghingold, Notary Public
Allegheny County
My Commission Expires Mar 03, 2024
Commission Number 1296416

Notarial act performed by audio-visual communication



**EXHIBIT "4"**





ARTHUR L.
# Bugay
& Associates, p.c.
### L A W   O F F I C E S

| | | |
|---|---|---|
| LLM in Trial Advocacy | Times Building | TEL: (215) 571-4984 |
| LLM in Tax Law | Suburban Square | CELL: (215) 805-3466 |
| Admitted in PA, NJ | 32 Parking Plaza, Suite 401 | FAX: (215) 240-6148 |
| | Ardmore, PA 19003 | arthur@albinjurylaw.com |

September 13, 2023

Schuykill County
401 North Second Street
Pottsville, PA 17901

> **Re:  Jason Ashfield v. Schuylkill County, et al.**
> U.S.D.C. Middle; Civil Action No: 1:22-cv-01369 SES

Dear Sir/Madam

This letter shall serve to put you on notice that pursuant to Federal Rule of Civil Procedure 55 you are in default and have been in default for not defending the matter referenced above.

You did not file a responsive pleading

Plaintiff served Schuylkill County with Plaintiff's Complaint, enclosed herein. Plaintiff Served the Complaint with a Summons.  Since you have not entered an appearance and since you have failed to file a responsive pleading, we are requesting the Court to enter default against you.  Plaintiff has met all of the procedural requirements for default.

Sincerely,

Arthur L. Bugay.

Enclosure

**EXHIBIT "5"**

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON ASHFIELD,          :
                                 :
          Plaintiff        :     Civil Action No. 1:22-cv-01369
                                 :
     v.                    :
                                 :
SCHUYLKILL COUNTY, *et al*    :
                                 :
          Defendants     :

## PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AND SUPPORTING AFFIDAVIT

COMES NOW, Plaintiff, by and through his counsel of record, to request the Clerk of Court to enter default against Defendants Schuylkill County, David Wapinski and Michael Buchanan, in the above entitled action for failure to plead, answer, or otherwise defend as set forth in the Affidavit attached hereto (Exhibit "1"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

BY: *Arthur Bugay*

ARTHUR L. BUGAY, ESQUIRE
Times Building, Suburban Square
32 Parking Plaza, Suite 401
Ardmore, PA 19003
(215) 571-4984
(215) 240-6148
arthur@albinjurylaw.com

EXHIBIT "A"





# BG_ALB Affidavit Motion for Default.pdf

| | |
|---|---|
| DocVerify ID: | 6C762468-D74F-4FB9-A3D8-BD304CD9129E |
| Created: | September 19, 2023 11:01:26 -5:00 |
| Pages: | 2 |
| Remote Notary: | Yes / State: PA |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Arthur Bugay (ALB)**
September 19, 2023 11:43:11 -5:00 [DE79CF808C4A] [73.233.31.81]
arthur@albinjurylaw.com (Principal) (ID Verified)

**E-Signature Notary: Bryan Ghingold (BG)**
September 19, 2023 11:43:11 -5:00 [4311CC9FD8E5] [172.59.137.49]
bryan@steelcitynotary.com
I, Bryan Ghingold, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



COMMONWEATH OF PENNSYLVANIA
MONTGOMERY COUNTY

### AFFIDAVIT OF ARTHUR BUGAY

Before me, the undersigned notary, on this day personally appeared (name of affiant), the affiant, a person whose identity is known to me.   After I administered an oath, affiant testified as follows:

1. My name is Arthur Bugay.  I am competent to make this affidavit.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. Plaintiff commenced suit timely and served his complaint upon Defendants.  Exhibit "1".

3. Plaintiff filed Affidavits of Service.  Exhibit "2".

4. Prior to filing this Request to Enter Default Judgment, Plaintiff, by his counsel, notified Defendants that they are in Default.  Exhibit "3".

5. To date, Defendants have not entered an appearance in this civil action.

6. To date, Defendants have not filed an answer to Plaintiff's Complaint.

7. To date, Defendants have not asserted any opposition or defense to Plaintiff's civil action complaint.

8. Defendants are not minor; they are not service members.

9. Defendants have not asserted a defense to Plaintiff's civil action and has not otherwise defended this civil action.

10. The time period for Defendants to assert a defense or an opposition to Plaintiff's civil action has expired.

11. The foregoing is true and correct and is asserted pursuant to Pennsylvania's statute of unsworn statements to authority.

Respectfully submitted,

BY: _Arthur Bugay_
ARTHUR L. BUGAY, ESQUIRE
Times Building, Suburban Square
32 Parking Plaza, Suite 401
Ardmore, PA 19003



(215) 571-4984
(215) 240-6148

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

SWORN TO and SUBSCRIBED before me by <u>Arthur Bugay</u>, on
<u>09/19/2023</u>,

<u>Notary Public in and for the
Commonwealth of Pennsylvania</u>

Commonwealth of Pennsylvania - Notary Seal
Bryan Ghingold, Notary Public
Allegheny County
My Commission Expires Mar 03, 2024
Commission Number 1296416

Notarial act performed by audio-visual communication



# EXHIBIT "1"

Case 2:22-cv-09999-SES Document 1 Filed 09/29/23 Page 34 of 54

JASON ASHFIELD
53 Hazle Street
Delano, PA 18220
   Plaintiff,
vs.

SCHUYLKILL COUNTY
401 North Second Street, Pottsville, PA
17901
and
SCHUYLKILL COUNTY PRISON
230 Sanderson Street, Pottsville, PA
17901
and
SCHUYLKILL COUNTY PRISON
BOARD
230 Sanderson Street, Pottsville, PA
17901 or at 401 North Second Street,
Pottsville, PA 17901
and
DAVID WAPINSKY, WARDEN
230 Sanderson Street, Pottsville, PA
17901
and
MICHAEL BUCHANAN, DEPUTY
WARDEN
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 1
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 2
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 3
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and
CORRECTION OFFICER JOHN DOE 4
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901
and

CIVIL ACTION NO. 22-cv-9999

PLAINTIFF'S COMPLAINT

JURY TRIAL DEMANDED

CORRECTION OFFICER JOHN DOE 5
c/o SCHUYLKILL COUNTY PRISON,
230 Sanderson Street, Pottsville, PA
17901

        Defendants

Plaintiff, Jason Ashfield, by way of Complaint against Defendants, says:

## PARTIES

1.     Plaintiff, Jason Ashfield, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 53 Hazle Street, Delano, PA 18220.

2.     Defendant SCHUYLKILL COUNTY is Political Subdivision of the Commonwealth of Pennsylvania with its county seat and headquarters located at 401 North Second Street, Pottsville, PA 17901.

3.      Defendant SCHUYLKILL COUNTY PRISON is a prison facility governed, upon information and belief, directly or indirectly, by Defendant Schuylkill County.

4.      Defendant Schuylkill County Prison is located at 230 Sanderson Street, Pottsville, PA 17901.

5.      Defendant SCHUYLKILL COUNTY PRISON BOARD is, upon information and belief, the governing board for Defendant SCHUYLKILL COUNTY PRISON.

6.      Defendant Schuylkill County Prison Board is, upon information and belief, located at 230 Sanderson Street, Pottsville, PA 17901 or at 401 North Second Street, Pottsville, PA 17901.

7.      It is believed and averred that, at relevant times alleged herein, Defendant DAVID WAPINSKY and Defendant MICHAEL BUCHANAN were the Warden and Deputy Warden, respectively, for Defendant Schuylkill County Prison.

8.      As discussed below and herein, on September 4, 2020, Plaintiff was an inmate at the Schuylkill County Prison, when he was beaten by several Correction Officers who were at all relevant times, upon information and belief, employees of Defendants Schuylkill County and/or the Schuylkill County Prison.

9.      It is believed and averred that the Correction Officers were selected and/or trained or failed to have been trained by Defendants Schuylkill County or the Schuylkill County Prison Board.

10.     Plaintiff does not know the identity of these Correction Officers and they are identified herein as Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5.

11.     The Correction Officers are believed to be male, white, and Plaintiff believes that there were five Correction Officers who engaged in excessive force and injured him on September 4, 2020, while he was in their custody, control, and confinement.

12.     At relevant times alleged herein, Plaintiff was an Inmate confined at the Schuylkill County Jail, also referred to herein as the Schuylkill County Prison.

13.     It is believed and averred that the Doe Defendants have had actual notice of Plaintiff's civil claims within the time of the incident and that the Warden Defendants have had notice of Plaintiff's claims.

14.     Defendant, the Schuylkill County Board of Prisons, was and still is a Pennsylvania domestic entity duly organized and existing under and by virtue of the laws of the State of Pennsylvania with a principal business address stated as above.

15.     At all times alleged herein, it is believed and averred that Defendants Schuylkill County and the Schuylkill County Prison Board acted through their employees, agents, servants, and/or designated representatives including the Warden Defendants, Defendants Wapinsky and Buchanan and the aforementioned Correctional Officer Defendants.

## JURISDICTION AND VENUE

16.     The Court has jurisdiction over the lawsuit because the action is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

17.     The Court has supplemental jurisdiction under 28 U.S.C § 1367 over Plaintiff's claims arising under State law including, but not limited to, violations of his State Constitutional rights against Defendants for failure to protect Plaintiff, and for the intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

18.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1343.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Plaintiff's harm and his civil claims at issue arose in this judicial district.

## COMPLAINT

## GENERAL ALLEGATIONS

20.     It is believed and averred that Defendant Schuylkill County, the Schuylkill County Prison, and the Schuylkill County Prison Board, through its Prison, the Schuylkill County Prison, identified herein, was required to comply with Pennsylvania Minimum Operating Standards set forth by Title 37, Chapter 95 of the Pennsylvania Code.

21.     It is believed and averred that Defendants were required to inspect the Schuylkill County Prison and enforce its compliance with the Commonwealth Minimum Operating Standards for Safety for Inmates, including Plaintiff.

22.     On or about September 2, 2020, Plaintiff was an inmate at Defendants' Schuylkill County Jail.

23.     Plaintiff was ordered incarcerated in case no. CP-54-MD-839-2020 and was taken to the Schuylkill County Prison.

24.     On September 4, 2020, while being escorted by Defendants' Correctional Officers, referenced above, whose Identifications are presently unknown, Defendants' Correctional Officers, Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 pushed Plaintiff down and injured him severely and permanently.

25.     Defendants also refused Plaintiff medical treatment which he requested.

26.     Plaintiff obtained this medical treatment on his own at extensive costs, exceeding $10,000.00.

27.     Plaintiff's medical treatment occurred through the Lehigh Valley Health System; Plaintiff received emergency medical treatment at LVH-Hazleton Emergency.

28.     As a result of the excessive force used by Defendants' Correctional Officers, Plaintiff suffered a broken nose, injuries to his neck and clavicle, an acromioclavicular (AC)

joint injury on his right, injuries to his shoulders, and permanent injuries to his neck and AC joint, which is presently deformed.

29.     Plaintiff also suffered severe bruising to his left chest wall.

30.     It is believed and averred that Defendants knew that Plaintiff had suffered injuries caused by their use of excessive force.

31.     Plaintiff complained of pain and had bruising and requested medical treatment.

32.     Nevertheless, despite the significance of Plaintiff's injuries and his requests for medical attention, Plaintiff was not provided with any treatment and was not offered medical treatment or to be taken to a hospital for treatment.

33.     Defendants Doe 1, 2, 3, 4 and 5 are presently unidentified Defendant Schuylkill County Correctional Officers who were present, either through video surveillance, or physically present during Plaintiff's attack and who did not intervene to protect Plaintiff from harm.

34.     It is believed that Defendants possess the video surveillance that shows the use of excessive force on Plaintiff and which identifies these presently unidentified correctional officers.

35.     It is believed and averred that these Correctional Officers were required to not use excessive force to cause Plaintiff injury and that they, notwithstanding this obligation, did so and failed to prevent the other participating Correctional Officers from using excessive force to injure Plaintiff.

## COUNT I

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

## DELIBERATE INDIFFERENCE TO SAFETY/FAILURE TO PROTECT AND CAUSING PHYSICAL HARM

36.     The foregoing paragraphs are incorporated by reference.

37.     At all times, Defendants possessed a duty under the Eighth Amendment of the United States Constitution to ensure that Plaintiff, as an inmate, was not subjected to injury or harm through the use of Excessive Force by Defendants, Defendants' Correctional Officers.

38.     Defendants were to train and supervise Defendants' correctional officers to prevent and minimize their use of excessive force that would injure inmates, such as Plaintiff.

39.     Defendants, at all times, were required to provide Plaintiff with prompt medical treatment to prevent unnecessary injury and pain and suffering.

40.     Defendants had a duty under the Eighth Amendment to ensure that the prison was properly staffed with medical personnel who could provide inmates, such as Plaintiff, with medical treatment.

41.     Defendants, identified above, knew of and deliberately disregarded the excessive risk of harm to the Plaintiff's health and safety posed by Defendants' use of excessive force.

42.     The above Defendants deliberately and or recklessly failed to protect the Plaintiff when they used excessive force upon Plaintiff.

43.     Defendants caused Plaintiff physical harm, identified above, incorporated herein, through Defendants' use of excessive physical force upon Plaintiff.

44.     As a result of the Defendants' deliberate indifference, Plaintiff sustained severe and significant physical injuries for which Plaintiff requests relief pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS  DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD

**FAILURE TO INTERVENE**

45.     The foregoing paragraphs are incorporated by reference.

46.     Defendants, identified above, had an affirmative duty to intervene on behalf of the Plaintiff, Brian Lee Jeremiah, whose constitutional rights were being violated in their presence while Plaintiff was being assaulted by another inmate.

47.     The Defendants' failed to intervene to prevent the unlawful conduct described herein caused by Defendants' use of excessive force upon Plaintiff.

48.     The above Defendants deliberately and or recklessly failed to protect the Plaintiff, resulting in Plaintiff's injuries and damages.

49.     As a result of the Defendants' deliberate indifference, Plaintiff was put in fear of his safety and subjected to unjustified physical abuse and sustained severe and significant physical injuries.

50.     Plaintiff's injuries and damages were caused by Defendants' violation of Plaintiff's constitutional rights to be free from excessive force and cruel and unusual punishment and warrant relief pursuant to 42 U.S.C. § 1983.

**COUNT III**

**PLAINTIFF BRIAN LEE JEREMIAH vs. DEFENDANTS CORRECTIONAL OFFICERS  DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5 AND DEFENDANTS WAPINSKY AND BUCHANAN AND DEFENDANTS SCHUYLKILL COUNTY, THE SCHUYLKILL COUNTY PRISON, AND THE SCHUYLKILL COUNTY PRISON BOARD**

51.     The foregoing paragraphs are incorporated by reference.

52.     Defendants caused Plaintiff physical pain and suffering and thereafter refused Plaintiff needed medical treatment and thereby caused Plaintiff harm in violation of his Constitutional Rights, including his right to be free from cruel and unusual

punishment provided to him by the Eighth Amendment to the United States

Constitution as a direct and proximate result of Defendants':

a.     Knowing, reckless, and willful failure to provide medical treatment to

        Plaintiff for a known and obvious injury;

b.     Knowingly, recklessly, or willfully withholding medical treatment to

        Plaintiff and thereby denying Plaintiff with treatment that would minimize

        the permanent harm to Plaintiff and his pain and suffering;

c.     Refusing Plaintiff medical treatment when requested.

## COUNT IV

### PLAINTIFF vs. DEFENDANTS WARDEN WAPINSKY AND BUCHANAN, DEFENDANTS SCHUYLKILL COUNTY, SCHUYLKILL COUNTY PRISON, AND SCHUYLKILL COUNTY PRISON BOARD

### FAILURE TO TRAIN AND SUPERVISE UNDER MONELL

53.     The foregoing paragraphs are incorporated by reference.

54.     Defendants, as a matter of policy and practice failed to discipline, train or

otherwise sanction correctional officers who violate the rights of prisoners, including the

Plaintiff's, thus encouraging theDefendant unknown correctional officers, in this case to engage

in the unlawful and actionable conduct described above.

55.     Defendants, as a further matter of policy and practice failed to train properly its

correctional officers, including Defendant unknown correctional officers, in this case, with

respect to the constitutional, statutory and departmental expectations of their authority.

56.     At all times herein mentioned, the Defendant unknown correctional officers, were

acting as the agents, servants and/or employees of the Defendants and therefore, their acts are

attributable to Defendants.

57.     The Defendants were on actual notice of a need to train, supervise, discipline or

terminate its Defendant correctional officers as prior to the incident in question as other similar

incidents of being deliberately indifferent to inmate on inmate assaults have occurred in the past involving Defendants.

## COUNT IV

### PLAINTIFF vs. DEFENDANTS CORRECTIONAL OFFICERS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, AND JOHN DOE 5, WARDENS WAPINSKY, BUCHANAN, AND DEFENDANTS SCHUYLKILL COUNTY, SCHUYLKILL COUNTY PRISON, SCHUYLKILL COUNTY PRISON BOARD

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     The foregoing paragraphs are incorporated by reference.

59.     Defendants intentionally and deliberately inflicted emotional distress on Plaintiff, by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by conspiring against him, or by interfering with Plaintiff's state civil rights by being deliberately indifferent with reckless disregard for Plaintiff's safety, or knew or should have known that emotional distress was the likely result of their conduct.

60.     Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

61.     The actions of the Defendants were the cause of Plaintiff's distress.

62.     The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

63.     As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## COUNT V

### PLAINTIFF vs. ALL DEFENDANTS

### CONSPIRACY TO VIOLATE THE FEDERAL AND STATE CIVIL RIGHTS OF THE PLAINTIFF

64.     The allegations contained above are incorporated by reference.

65.     The above described actions constitute violations, by the above named Defendants, who conspired among themselves to deprive the Plaintiff of his state and constitutional rights.

66.     During Plaintiff's assault and physical attack, Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5, the presently unknown correctional officers were physically present and verbally conspired to engage in excessive force upon Plaintiff.

67.     Said Correctional Officers did not intervene and did absolutely nothing to prevent, protect or stop Plaintiff from being injured by excessive force.

## DAMAGES

68.     The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

69.     As a direct and proximate result of the Defendants' conduct, Plaintiff suffered severe physical injuries and mental anguish in the past and future and was deprived of his State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

70.     The incident has also resulted in injuries requiring psychological attention and Plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

71.     It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

72.     The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

73.     Wherefore, Plaintiff demands judgment against Defendants, individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

74.     Wherefore, Plaintiff demands judgment against Defendants Wardens, and Schuylkill County, and Schuylkill County Prison, and Schuylkill County Prison Board,  , individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

75.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

WILLIAMS CEDAR LLC

BY:     *Arthur L. Bugay*
        _____
        Arthur L. Bugay, Esquire
        PA. ID. No. 62251
        Attorney for Plaintiff
        One South Broad Street, Suite 1510
        Philadelphia, PA 19107
        (215) 557-0099 (Direct)
        abugay@williamscedar.com

**EXHIBIT "2"**

20220907142549

AO 440 (Rev. 06/12) Summons in a Civil Action          **RETURN OF SERVICE**

SERVICE OF:          **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE:          **PROCESS SERVER**

                                        DATE: **9/8/2022 1:03:48 PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

SCHUYLKILL COUNTY

Place where served:

401 NORTH SECOND STREET   POTTSVILLE  PA  17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

GLENN ROTH JR.

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M   AGE:51-65  HEIGHT: 5'4"-5'8"   WEIGHT: OVER 200 LBS.   SKIN:WHITE ___   HAIR:BLACK ___   OTHER:GLASSES

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____          SERVICES $_____.____          TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.
Docusign Court Approved E-Signature

DATE: 9, 9 /20 22                                                              L.S.

                         SIGNATURE OF *ROBERT WAGNER*
                         GUARANTEED SUBPOENA SERVICE, INC.
                         2009 MORRIS AVENUE
                         UNION, NJ 07083

ATTORNEY:     ARTHUR L. BUGAY, ESQ.
PLAINTIFF:     JASON ASHFIELD
DEFENDANT:  SCHUYLKILL COUNTY, ET AL
VENUE:          DISTRICT
DOCKET:       1 22 CV 01369 SES
COMMENT:

20220907142424

AO 440 (Rev. 06/12) Summons in a Civil Action     **RETURN OF SERVICE**

SERVICE OF:     **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE:     **PROCESS SERVER**

                    DATE: 9/8/2022 1:10:34 PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

DAVID J. WAPINSKY, WARDEN

Place where served:

SCHUYLKILL COUNTRY PRISON 230 SANDERSON STREET POTTSVILLE PA 17901

[   ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant   **SELF**

Description of Person Accepting Service:

SEX:M_ AGE:51-65_ HEIGHT: 5'9"-6'0"_ WEIGHT: 161-200 LBS._ SKIN:WHITE_ HAIR:BALD_ OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL$ _____.____     SERVICES $_____.____     TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.
Docusign Court Approved E-Signature

DATE: 9/9/20 22                            L.S.

           SIGNATURE OF *ROBERT WAGNER*
           GUARANTEED SUBPOENA SERVICE, INC.
              2009 MORRIS AVENUE
               UNION, NJ 07083

ATTORNEY:   ARTHUR L. BUGAY, ESQ.
PLAINTIFF:    JASON ASHFIELD
DEFENDANT:  SCHUYLKILL COUNTY, ET AL
VENUE:      DISTRICT
DOCKET:     1 22 CV 01369 SES
COMMENT:

20220907142521

| AO 440 (Rev. 06/12) Summons in a Civil Action | **RETURN OF SERVICE** |
|---|---|

SERVICE OF: **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE: **PROCESS SERVER**

DATE: **9/8/2022 1:11:18 PM**

---

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

MICHAEL BUCHANAN, DEPUTY WARDEN

Place where served:

SCHUYLKILL COUNTRY PRISON 230 SANDERSON STREET POTTSVILLE PA 17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M__ AGE:51-65  HEIGHT: 5'9"-6'0"___ WEIGHT: 161-200 LBS.___ SKIN:WHITE___ HAIR:BALD___ OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

| TRAVEL$ _____.____ | SERVICES $_____.____ | TOTAL $_____.____ |
|---|---|---|

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: 9/9/2022                                                                                     L.S.

SIGNATURE OF *ROBERT WAGNER*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY: ARTHUR L. BUGAY, ESQ.
PLAINTIFF: JASON ASHFIELD
DEFENDANT: SCHUYLKILL COUNTY, ET AL
VENUE: DISTRICT
DOCKET: 1 22 CV 01369 SES
COMMENT:

20220907141239

| AO 440 (Rev. 06/12) Summons in a Civil Action | **RETURN OF SERVICE** |

SERVICE OF: **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME: *ROBERT WAGNER*
TITLE: **PROCESS SERVER**

DATE: **9/8/2022 1:10:58 PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

SCHUYLKILL COUNTY PRISON BOARD, ATTN: WILLIAMS BALDWIN, PRESIDENT JUDGE/CHAIRMAN

Place where served:

230 SANDERSON STREET   POTTSVILLE  PA  17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M___ AGE:51-65_ HEIGHT:5'9"-6'0"___ WEIGHT:161-200 LBS.___ SKIN:WHITE_____ HAIR:BALD____ OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

| **STATEMENT OF SERVER** | | |

TRAVEL$ _____.____         SERVICES $_____.____         TOTAL $_____.____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: _9, 9 /20 22_

SIGNATURE OF *ROBERT WAGNER*                      .L.S.
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:   ARTHUR L. BUGAY, ESQ.
PLAINTIFF:   JASON ASHFIELD
DEFENDANT:  SCHUYLKILL COUNTY, ET AL
VENUE:   DISTRICT
DOCKET:   1 22 CV 01369 SES
COMMENT:

20220907142701

| AO 440 (Rev. 06/12) Summons in a Civil Action | **RETURN OF SERVICE** |
|---|---|

SERVICE OF:     **LETTER, NOTICE, WAIVER OF THE SERVICE OF SUMMONS, DISCLOSURE STATEMENT, COMPLAINT**
EFFECTED (1) BY ME:   *ROBERT WAGNER*
TITLE:     **PROCESS SERVER**

                                                             DATE: **9/8/2022 1:11:34 PM**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[✓] Served personally upon the defendant

SCHUYLKILL COUNTRY PRISON

Place where served:

230 SANDERSON STREET   POTTSVILLE  PA  17901

[ X ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

DAVID J. WAPINSKY, WARDEN

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX:M__   AGE:51-65   HEIGHT: 5'9"-6'0"     WEIGHT: 161-200 LBS.     SKIN:WHITE     HAIR:BALD____   OTHER:_____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

**STATEMENT OF SERVER**

TRAVEL$ _____.____                SERVICES $_____.____                TOTAL $_____.____

---

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Docusign Court Approved E-Signature

DATE: _9, 9 /20_22_                                         L.S.

                    SIGNATURE OF *ROBERT WAGNER*
                    GUARANTEED SUBPOENA SERVICE, INC.
                           2009 MORRIS AVENUE
                             UNION, NJ 07083

ATTORNEY:     ARTHUR L. BUGAY, ESQ.
PLAINTIFF:      JASON ASHFIELD
DEFENDANT:   SCHUYLKILL COUNTY, ET AL
VENUE:        DISTRICT
DOCKET:       1 22 CV 01369 SES
COMMENT:

**EXHIBIT "3"**





**ARTHUR L.**
**Bugay**
**& Associates, P.C.**
**L A W   O F F I C E S**

| | | |
|---|---|---|
| LLM in Trial Advocacy | Times Building | TEL: (215) 571-4984 |
| LLM in Tax Law | Suburban Square | CELL: (215) 805-3466 |
| Admitted in PA, NJ | 32 Parking Plaza, Suite 401 | FAX: (215) 240-6148 |
| | Ardmore, PA 19003 | arthur@albinjurylaw.com |

September 13, 2023

Schuykill County
401 North Second Street
Pottsville, PA 17901

      **Re: Jason Ashfield v. Schuylkill County, et al.**
      U.S.D.C. Middle; Civil Action No: 1:22-cv-01369 SES

Dear Sir/Madam

      This letter shall serve to put you on notice that pursuant to Federal Rule of Civil Procedure 55 you are in default and have been in default for not defending the matter referenced above.

      You did not file a responsive pleading

      Plaintiff served Schuylkill County with Plaintiff's Complaint, enclosed herein. Plaintiff Served the Complaint with a Summons. Since you have not entered an appearance and since you have failed to file a responsive pleading, we are requesting the Court to enter default against you. Plaintiff has met all of the procedural requirements for default.

      Sincerely,

      Arthur L. Bugay.

Enclosure

**PLAINTIFF'S CERTIFICATE OF SERVICE**

I, Arthur Bugay, am Plaintiff's counsel. I hereby certify that Plaintiff's Filing of record was served upon Defendant, through their counsel, through e-mail, ECF, or directly by mail/certified mail.

Respectfully submitted,

LAW OFFICES OF ARTHUR L. BUGAY & ASSOCIATES, P.C.

BY: *Arthur Bugay*
ARTHUR L. BUGAY, ESQUIRE
Times Building, Suburban Square
32 Parking Plaza, Suite 401
Ardmore, PA 19003